**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**SOULEYMANE DIALLO** **PETITIONER**

**V.** **CIVIL ACTION No. 5:26-CV-472-DCB-BWR**

**WARDEN, ADAMS COUNTY CORRECTIONAL CENTER** **RESPONDENT**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation ("Report") [ECF No. 10] of Magistrate Judge Rath entered herein on August 25, 2026, in this action brought pursuant to 28 U.S.C. § 2241.

In the Report, Judge Rath recommended that the Petition [ECF No. 1] be denied and dismissed without prejudice and that Petitioner's Motion for a Temporary Restraining Order [ECF No. 2] be denied. Petitioner, proceeding pro se, has timely filed Objections to the Report [ECF No. 10].

For the reasons set forth below, the Court adopts Judge Rath's findings and conclusions in full.

## I. BACKGROUND

As discussed in the Report, Petitioner entered the United States illegally in December 2023. [ECF No. 8-1]. Thereafter, Petitioner was detained and placed in removal proceedings. See Ex. D to [ECF No. 8-4]. Since he has been detained, an immigration Judge denied Petitioner's applications for asylum and withholding of removal. Ex. B to [ECF No. 8-2]. On January 16, 2026, an

immigration judge granted the Department of Homeland Security's ("DHS") motion to pretermit Petitioner's application for asylum and withholding of removal on the ground that Petitioner failed to establish "prima facie eligibility for release." Id. Considering the record, the immigration judge ordered the Petitioner removed to Uganda; Petitioner did not appeal. Id.

On March 26, 2026, Petitioner filed a motion to vacate the order granting DHS's motion to pretermit and to reopen removal proceedings. Ex. C to [ECF No. 8-3]; see also Ex. D to [ECF No 8-4]. The immigration judge denied the motion to reopen and Petitioner filed his Petition [ECF No. 1] on May 18, 2026. Ex. C to [ECF No. 8-3].

Judge Rath entered his Report on August 25, 2026, recommending the Petition [ECF No. 1] be dismissed without prejudice and Petitioner's Motion for Temporary Restraining Order [ECF No. 2] be denied. Petitioner, proceeding pro se, timely filed an Objection [ECF No. 11] to the Report on August 31, 2026.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Gust, 921 F.2d 620, 623 (5th Cir. 1991)(party is "entitled to

a de novo review by an Article III Judge as to those issues to which an objection is made.”). Such review means that this Court will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact in order to conduct a de novo review, Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to “reiterate the findings and conclusions of the magistrate judge.”) Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider “[f]rivolous, conclusive or general objections.” Battle v. U.S. Parole Comm’n, 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993).

**III. DISCUSSION**

Petitioner’s Objection to Judge Rath’s Report [ECF No. 10] brings five “Specific Objections” before the Court. See [ECF No. 11 at 3].

After engaging in a de novo review of the record and an independent assessment of the law, the Court addresses its findings for each of these issues set forth in Petitioner’s Objection [ECF No. 11] below.

**A. Petitioner’s first objection is overruled.**

Petitioner’s first objection asserts that the Report miscomputes the Zadvydas six-month presumptive period, and that

the "controlling calendar" is when the removal period begins. [ECF No. 11 at 3]. After reviewing the record and relevant law, the Court finds this objection is overruled.

Zadvydas clearly established a six-month-presumptive-period clock that does not begin ticking until the 90-day removal period established under 8 U.S.C. § 1231(a)(1) has expired. As the Zadvydas Court stated,

> When an alien has been found to be unlawfully present in the United Sates and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90-day statutory 'removal period,' during which time the alien normally is held in custody. A special statute authorizes further detention if the government fails to remove the alien during those 90 days. . . In these cases, we must decide whether this post-removal-period statute authorizes the Attorney General to detain a removable alien indefinitely beyond the removal period or only for a period reasonably necessary to secure the alien's removal.

Zadvydas, 533 U.S. at 682 (emphasis added). The Court further illustrated the clear distinction between the 90-day removal period and post-removal period stating, "post-removal period detention, unlike detention pending a determination of removability or during the 90-day subsequent removal period, has no obvious termination point." Id. at 697. Finally, and perhaps most critically, the Court addressed the computation of the two separate removal periods:

> [C]ongress enacted the present law, which liberalizes pre-existing law by shortening the removal period from six months to 90 days. . . and adds the post-removal period here at issue.

Id. at 672. (emphasis added).

Both the statutory scheme and judicial precedent are clear. When combined, they establish a 90-day removal period and a separate six-month post-removal period.

For these reasons, Petitioner's first objection to the Report's post-removal period calculation is overruled.

**B. Petitioner's second objection is overruled.**

Petitioner's second objection contends that the Court must examine the legality of present detention, not the detention that was ongoing at the time the Petition [ECF No. 1] was filed. See [ECF No. 11 at 3]. The Court need not consider "[f]rivolous, conclusive or general objections." Battle, 834 F.2d at 421. Further, no factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. Edmond, 8 F.3d at 293. The Court finds Petitioner's second objection is general and re-urges arguments contained in the original petition.

To the extent Petitioner's second objection is liberally construed to request supplementation of post-removal order facts, the Court also finds this objection to be overruled. The post-removal detention claims remain premature under the framework set forth in Zadvydas. Considering this, the Court finds "[t]he better course is to continue resolving petitions, due process claims and all. . . ." Esquivel v. Mullin, No. 1:26cv2000, 2026 WL 2322821 at

*3 (W.D. Tex. Aug. 10, 2026). Accordingly, the Court finds the claims should be dismissed without prejudice to promote judicial economy and bring the action to resolution. Petitioner may pursue any otherwise cognizable claims in a subsequent action when they become ripe.

For the reasons stated above, Petitioner's second objection is overruled.

**C. Petitioner's third objection is overruled.**

Petitioner's third objection argues that a final removal order, alone, does not prove that physical removal is foreseeable, and compels the Court to require Respondent to produce evidence of foreseeability of removal. [ECF No. 11 at 4]. Zadvydas established a presumptively reasonable six-month period of detention following the removal period. 533 U.S. 701. "After that. . .if the alien 'provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." Jennings v. Rodriguez, 583 U.S. 281, 299 (2018) (quoting Zadvydas, 533 U.S. at 701)(emphasis added). Here, the Zadvydas six-month post-removal period has not yet expired; therefore, the post-removal detention claims remain premature and no requirement yet exists for the Government to rebut any showings put forth by the Petitioner or release the Petitioner.

For the reasons stated above, Petitioner's third objection is overruled.

**D. Petitioner's fourth objection is overruled.**

Petitioner's fourth objection contends that the Court should allow for further evidentiary development. The Court declines to do so. Even if the Court were to comply with Petitioner's contention, the post-removal detention claims remain premature under the framework set forth in Zadvydas. Considering this, the Court finds "[t]he better course is to continue resolving petitions, due process claims and all. . . ." Esquivel, 2026 WL 2322821 at *3. Accordingly, the Court finds the claims should be dismissed without prejudice to promote judicial economy and bring the action to resolution. Petitioner may pursue any otherwise cognizable claims in a subsequent action when they become ripe.

For the reasons stated above, Petitioner's fourth objection is overruled.

**E. Petitioner's fifth objection is overruled.**

Petitioner's fifth objection argues release under supervision is the Zadvydas remedy and will not disturb the removal order. As stated above, the post-removal detention claims remain premature under the framework set forth in Zadvydas, and therefore, any remedy under Zadvydas is likewise premature.

For the reasons stated above, Petitioner's fifth objection is overruled.

**IV. CONLCUSION**

After engaging in a de novo review of the record and an independent assessment of the law, the Court finds that the Magistrate Judge did not err and adopts his findings and conclusions in full.

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation be, and the same hereby is, adopted as the finding of this Court. As such, Souleymane Diallo's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] is hereby dismissed without prejudice and Petitioner's Motion for Temporary Restraining Order [ECF No. 2] is hereby denied. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 5 day of October, 2026.

/s/ David C. Bramlette
David C. Bramlette III
UNITED STATES DISTRICT JUDGE